[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14359
Non-Argument Calendar
_____

D. C. Docket No. 07-00095-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO TORRES-SANTOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 7, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jose Antonio Torres-Santos appeals his above-guidelines-range sentence imposed after he pleaded guilty to illegal re-entry into the United States, in violation of 8 U.S.C. § 1326(a)(2) and (b)(1). No reversible error has been shown; we affirm.

Defendant, a citizen of Mexico, was deported back to Mexico in October 1998 and again in September 2000. Defendant again reentered the United States -- without seeking or obtaining permission to do so -- and was found by federal agents at the Bibb County jail in Macon, Georgia, in October 2007 (Defendant was being held on pending charges of armed robbery and terroristic threats). Defendant's guideline imprisonment range was zero to six months; the statutory maximum for the offense is ten years. The sentencing court imposed a sentence of 36 months' imprisonment to be followed by a three-year term of supervised release.

Defendant argues on appeal that his sentence was substantively unreasonable: the sentence imposed was excessively harsh and greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2). Defendant also maintains that the district court's statement of reasons in support of the sentence imposed was insufficient under 18 U.S.C. § 3553(c) to support the extent of the

departure.

Before imposing the 36-month sentence, the district court said:

> After considering the factors at 18 U.S.C. United States Code Section 3553(a)(2), I'm of the opinion that an upward variance is warranted in this case to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense. A greater sentence should also afford adequate deterrence to criminal conduct and protect the public from further crimes from this defendant.

> I note that [sic] the defendant's history of deportations and illegal reentries into the country, and I also note the commission of criminal offense while in the United States as an illegal alien.

Appellate review of the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- is under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). This review is deferential. As Gall explains, id., an appellate court reviewing a sentence for reasonableness must take into account the totality of the circumstances. No presumption of unreasonableness applies to an outside-guidelines-range sentence. The extent of deviation, along with the other circumstances, may be considered; but due deference must be accorded the district court's decision that the section 3553(a) factors justify the extent of the variance. And it is the appellant who bears the burden of establishing the absence of reasonableness in the light of the record and the section 3553(a) factors. See United States v. Gonzalez, 550 F.3d 1319, 1324

3

(11th Cir 2008), citing United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Among the section 3553(a) factors that must be considered in crafting a reasonable sentence are the need to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a). The district court stated expressly that these factors warranted the upward-variant sentence imposed. That Defendant takes issue -- or even if we were to take issue -- with the weight that the district court gave to the section 3553(a) factors, without more, supports no reversal. See Gall, 128 S.Ct. at 597. "[W]e will only reverse a procedurally proper sentence if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (internal quotation and citation omitted).

Defendant has failed to carry his burden of establishing that his sentence was substantively unreasonable. Under an abuse of discretion standard of review, we cannot say that the 36-month sentence -- albeit much above the 0-to-6-month guideline range -- was substantively unreasonable in the totality of the

4

circumstances.

Nor are we persuaded that the district court's statement of reasons in support of the variant sentence was procedurally infirm. Although the district court's explanation may have been brief, the reasons for the above-guidelines sentence were stated. The district court explanation was sufficient to satisfy section 3553(c).

AFFIRMED.